FILED

MAR 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50358 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00744-FMC-1 |
| v. | |
| BAHRAM TABATABAI, AKA Reza Behram Tabatabai, AKA Ben Tabatabai, AKA Ali Tabatabai, AKA Bajio, AKA Robert Bajio, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY, [**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Reza Bahram Tabatabai appeals his conviction, after a bench trial, for participating in a fraudulent "bust-out" scheme in violation of 18 U.S.C. §§ 371, 1341, 1343, 1956, and 2314. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying a new trial, nor plainly err by permitting Tabatabai to represent himself during trial. In connection with new trial proceedings, the district court appointed an agreed-upon expert, Dr. Saul Faerstein, who examined Tabatabai to determine whether the infrequency of medications would have caused a significant alteration of his mental state such that he would not have been competent to represent himself *pro se* during his trial. Faerstein concluded that Tabatabai suffered no cognitive disorder which would have interfered with his ability to understand and cooperate with the legal process. The district court held a thorough evidentiary hearing and found that the sporadic ingestion of medication had no impact on Tabatabai's ability to try this case for himself. In addition, the trial record indicates that Tabatabai was actively engaged as his own attorney. He filed numerous motions, presented his theory of the case, examined witnesses, and displayed a detailed grasp of the facts including complex financial transactions. *Compare United States v. Thompson*, 587 F.3d 1165, 1173

(9th Cir. 2009) ("[Thompson] engaged in lengthy colloquies with the district court in which he seemed acutely aware of what was occurring.").

Tabatabai argues that the district court's comments during sentencing show otherwise. However, that Tabatabai had emotional impediments and was sometimes frustrated and unable to cope with the demands of trial, was prescribed psychotropic medication, and seemed almost manic at times and depressed at times, does not mean that he suffered a severe mental illness or that his cognitive faculties were impaired such that he wasn't competent to defend himself. *Cf. United States v. Ferguson*, 560 F.3d 1060, 1068-69 (9th Cir. 2009) (noting that the *pro se* defendant exhibited "decidedly bizarre" behavior and did "absolutely nothing" during his trial).

In sum, we are satisfied that the district judge would have reached the same conclusion if *Indiana v. Edwards*, 128 S. Ct. 2379 (2008), had been decided before Tabatabai sought to represent himself. *See Thompson*, 587 F.3d at 1172-73.

AFFIRMED.